# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUNIOR DEWAYNE RANSOM, | ) |
|       Plaintiff, | ) |
|       v. | ) Case No. CIV-16-05-JHP-SPS |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of the Social Security Administration, | ) |
|       Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Junior DeWayne Ransom requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born March 15, 1972, and was forty-three years old at the time of the most recent administrative hearing (Tr. 275). He completed the twelfth grade, received job training in security in 1992, and has worked as a fast food cook, hospital housekeeper, and sewing machine factory worker (Tr. 17, 177). The claimant alleges that he has been unable to work since May 15, 2009, due to hearing problems and complications arising from severe burns on his legs and feet received during his childhood (Tr. 173).

**Procedural History**

On June 16, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Peter M. Keltch conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 24, 2012. (Tr. 8-19). The Appeals Council denied review, but this Court reversed and remanded in Case No. CIV-13-103-FHS-SPS (Tr. 306-324). On remand the Appeals Council consolidated this case with subsequent applications by the claimant, and ALJ Larry D. Shepherd held a second administrative hearing and again determined that the claimant as not disabled in a written opinion dated November 4, 2015 (Tr. 247-257). The

Appeals Council again denied, review, so ALJ Shepherd's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.1967(b), *i. e.*, he could lift/carry ten pounds occasionally and less than ten pounds frequently, and sit six hours in an eight-hour workday and stand/walk for at least two hours in an eight-hour workday. The ALJ imposed the additional limitations of only occasionally climbing, balancing, stooping, kneeling, crouching, crawling, and using foot controls. Further, the ALJ stated that the claimant was to avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery, but that he could perform work where oral communication is not an essential job function (Tr. 250). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work that he could perform, *e. g.*, patcher, final assembler of optical goods, and stuffer (Tr. 255-256).

### Review

The claimant contends that the ALJ erred: (i) by failing to adequately evaluate his subjective complaints, and (ii) because the RFC is not supported by substantial evidence, specifically as it related to his legs. The undersigned Magistrate Judge agrees with the claimant's first contention for the following reasons.

ALJ Shepherd determined that the claimant had the severe impairments of sensorineural hearing loss and status post burn injuries (Tr. 250). The relevant medical evidence reveals that the claimant went to the Central Oklahoma Family Medical Center (COFMC) for treatment of pain in his left knee, left foot, and bilateral ankles. He was advised to obtain corrective shoes and see a podiatrist (Tr. 218). The claimant returned to COFMC in June and August of 2009, reporting that he continued to have pain in his legs and that he could no longer stand for any period of time without pain and discomfort (Tr. 219-220). As part of his treatment plan, the claimant was directed to begin elevating his legs throughout the day, and to obtain inserts for his shoes to treat the pes planus (Tr. 223). At his follow-up appointment in August, the claimant had not obtained inserts, but reported some relief of his symptoms with elevating his legs at home (Tr. 225). Musculoskeletal exams revealed full knee extension, reduced knee flexion, reduced ankle extension, and flexion bilaterally (Tr. 223, 227-228). An audiological exam on November 11, 2009, revealed the claimant had probable sensorineural hearing loss bilaterally that was severe to profound, and he was recommended for binaural amplification and ear protection (Tr. 230).

The claimant continued to report dry skin, occasional wounds, and pain associated with his legs, and he was assessed with chronic pain (Tr. 588). Notes indicate that the claimant's wound responded to medication (Tr. 589-590). The claimant presented with pain and swelling in his legs and feet, noting that he was trying to obtain social security benefits, and indicating the claimant had scarring and contractures of legs, along with poor circulation, and that they discussed wound and skin scare with him. The record also

reflects the claimant was prescribed, at various times, Lyrica and amitriptyline for his pain (Tr. 592-594).

On June 3, 2013, Dr. Jack B. Howard conducted a physical exam of the claimant. He noted the claimant had no hearing deficit to normal conversational voice, and that he had 5/5 bilateral grip strength, but that he did have contracture of the medial lateral of both knees (Tr. 580). Dr. Howard stated that the claimant had full range of motion of the back, had a safe and stable gait, did not ambulate with an assistive device, and his walking was within normal limits, but his accompanying worksheet indicated that the claimant did have some reduced range of motion of the back with regard to extension and flexion (Tr. 581-585). He assessed the claimant with leg problems, migraines, hearing loss, depression, anxiety, and severe burn scars to the legs and feet (Tr. 581).

A state reviewing physician found that the claimant could perform a limited range of light work in that he could only occasionally, climb, kneel, crouch, or crawl, but could frequently stoop and balance; that he had moderately severe hearing loss, but not of listing level; and that he needed to avoid all hazards due to his hearing loss (Tr. 233-39). This was affirmed on reconsideration (Tr. 243).

In his written opinion, the ALJ thoroughly summarized the claimant's hearing testimony, the third party statement submitted by Calvaline Lewis, and the medical evidence. The ALJ used the typical boilerplate to state that the claimant's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible" (Tr. 253), but then went on to note that: (i) although the claimant had sustained significant burns to his lower extremities as a child, he had gone on to graduate

from high school and the Job Corp; (ii) despite experiencing chronic pain and some open wounds from skin grafts associated with his burns, the wounds responded to medical intervention; and (iii) the claimant had not participated in a chronic pain management program nor had one been suggested for him. Furthermore, the ALJ noted that, consistent with a sedentary RFC, the claimant spends a great deal of time sitting down to watch television, read, play video games, and attend church, and also does laundry, cooking, feeding the animals, and tending to the yard around his home (Tr. 253). As to the medical evidence related to his legs, the ALJ summarized the treatment history going back to 2009, and noted that he gave little weight to the opinions of the state reviewing physicians who found the claimant could perform light work with some postural limitations because the claimant's lower extremity burns placed greater limitations on the claimant, but credited them for finding the claimant had severe impairments (Tr. 255).

The claimant first asserts that the ALJ erred in weighing his subjective statements regarding intensity, persistence, and pace. At the time of the ALJ's decision, a credibility determination was governed by Soc. Sec. Rul. 96-7p. *See, e .g., Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). But the Commissioner issued a ruling on March 16, 2016, that eliminated the term "credibility" and provided new guidance for evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302

(10th Cir. 2007), *quoting Sloan v. Astrue,* 499 F.3d 883, 889 (8th Cir. 2007). Although the ALJ's credibility analysis was arguably sufficient under the old standard, the record does not reflect how the ALJ would have evaluated the claimant's subjective statements under Soc. Sec. Rul. 16-3p.[3] Consequently, the decision of the Commissioner must be reversed and the case remanded to the ALJ for evaluation in accordance with the new standard.

### Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 9th day of March, 2017.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**

---

[3] While it is arguable that the evidence cited by the ALJ in support of his credibility determination would likewise have satisfied Soc. Sec. Rul. 16-3p, thus obviating the need for reversal and remand, *see, e. g., Wellenstein v. Colvin,* 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015) (noting that the Court of Appeals for the Eighth Circuit denied remand for consideration of a new social security ruling upon finding that "although the policy changed during the pendency of the case, the policy did not affect the case."), *citing Van Vickle v. Astrue,* 539 F.3d 825, 829 n.6 (8th Cir. 2008), the undersigned Magistrate Judge finds that any re-evaluation of the evidence in light of the new standard is not for this court to make on review but rather for the ALJ to consider in the first instance.